By the Court, Bronson, J.
The fair inference to be drawn from the evidence is, that the defendant made an advance or loan of money to the plaintiff, to enable him to proceed to Buffalo and execute the warrant. As this was criminal process, the fees were not to be paid by the defendant, but by the county. And besides, nothing was said about fees. The plaintiff, when about to start, asked the defendant if he had any money, and on being answered in the affirmative, he said he had not enough to go with, and wanted $30, which sum the defendant thereupon let the plaintiff have. The plaintiff has presented his account to the board of supervisors for the service which he rendered, and has had the proper allowance against the county. I see no ground on which he can rightfully retain the defendant’s money. He certainly cannot wish to put his case on the ground of taking $30 from the defendant, beyond the fees allowed by law. (2 R. S. 750, § 4.) Such an act is expressly forbidden, and the person offending, is subject to indictment for misdemeanor. (Ibid. 650, § 5, 7.) And see Hatch v. Mann, (15 Wend. 44.) The jury mistook the law, when they gave the plaintiff, as they did in effect by the verdict, $22,23 of the defendant’s money. Although *89 the verdict and judgment were in favor of the defendant, he has sustained a legal injury which may be redressed by certiorari and writ of error.
Judgment reversed.